PER CURIAM:
Mr. and Mrs. Roscoe Bartlett (“the Bartletts”) and American Heritage Communities, Inc. (“American”) (collectively “Appellants”) appeal the district court’s dismissal of their suit for breach of contract and related claims against Frederick County, Maryland (“the County”). For the reasons that follow, we reverse.
I
In December of 1998, the Bartletts entered into a contract (“the Easement”) with the County in which they granted the County an easement to install water and/or sewer lines under their property. The Easement contained, inter alia, the following provisions:
A. Grantor [the Bartletts] will be permitted, but not required, to connect existing structures to the sewer line, in accordance with the Water and Sewage Plan and Department of Public Works Rules and Regulations. All costs associated with any such connection will be paid by Grantor, including capacity or “tap” fees.
B. Grantee [the County] represents unto Grantor that the proposed sewer line is designed to include capacity sufficient to serve the Grantor’s property when developed, if developed to a density contemplated by the current Comprehensive Plan designation for the property Office/Research. Additional capacity may be provided if required for future development and if available.
J.A. 26.
The Bartletts later entered into a contract with American for the sale of the property subject to the Easement. American sought to acquire the property as part of its plan to build a 100-bed nursing home along with an independent retirement community. After the County denied Appellants the right to access the sewer lines, Appellants filed suit alleging a breach of the Easement and related causes of action. The district court granted the County’s motion to dismiss the complaint, concluding that, as a matter of law, the Easement does not grant Appellants the right to access the sewer lines under their property for future development.
II
We review de novo the dismissal of a complaint for failure to state a claim under Rule 12(b)(6). Hinkleman v. Shell Oil Co., 962 F.2d 372, 378 (4th Cir.1992). In so doing, we must accept the factual allegations of the complaint as true, and we must affirm the dismissal only if the plaintiffs can prove no set of facts upon which relief can be granted. Id.
Under Maryland law, a contract must be construed as a whole. Gresham v. Lumbermen’s Mut. Cas. Co., 404 F.3d 253, 260 (4th Cir.2005). Where the contract, read as a whole, “is subject to more than one interpretation ... by a reasonably prudent person[,]” the contract is ambiguous and the court “must consider any extrinsic evidence which sheds light on the intentions of the parties at the time of the execution of the contract.” Sy-Lene of Washington, Inc. v. Starwood Urban Retail II, LLC, 376 Md. 157, 829 A.2d 540, 547 (2003). We *203 find that the Easement is ambiguous in that it is susceptible to different interpretations. Paragraph B of the Easement provides that “the proposed sewer line is designed to include capacity sufficient to serve the Grantor’s property when developed.” J.A. 26. The County contends that this language should be read to mean that the County simply agrees that the sewer line will be of a certain capacity. However, it also could be read to mean that a sufficient amount of capacity will be made available to Appellants for future development. That the latter meaning is a reasonable one is indicated by language in the next sentence of Paragraph B which states that under certain conditions not relevant here “additional” capacity may be provided. The provision of “additional” capacity certainly reasonably suggests that the first sentence of Paragraph B provides some initial capacity.
With the language of the Easement capable of bearing a meaning which supports the allegations of Appellants’ complaint, we conclude that dismissal of the complaint was error.[1] We do not pass upon the County’s remaining arguments in support of affirmance, but leave them for the district court to consider in the first instance.
III
The judgment of the district court is reversed, and the case is remanded for further proceedings.[2]

REVERSED.

. The fact that Paragraph A of the Easement clearly grants permission for connection of existing buildings to the sewer line while Paragraph B does not give express permission to connect cannot be read to resolve any ambiguity as a matter of law. This language may reflect nothing more than a temporal distinction (that is, current buildings can connect; future buildings, not yet in existence, will be provided service). In any event, the terms of Paragraph A certainly do not imply as a matter of law that Paragraph B unambiguously denies service to future buildings.

. The district court dismissed Appellants’ negligent misrepresentation claim (Count V) on the independent bases that it lacked the particularily required by Fed.R.Civ.P. 9(b) and that it was barred by the Easement’s integration clause. Nonetheless, we reverse the dismissal of Count V. Appellants filed their complaint in state court, after which the County removed the case to federal court, triggering the heightened pleading standards of Rule 9(b). In these circumstances, Appellants should be given the opportunity to amend their complaint prior to dismissal. Further, given that we conclude that the Easement is ambiguous, we find that Appellants’ negligent misrepresentation survives, notwithstanding the Easement’s integration clause.